IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| GLEN FOLSOM, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| vs. | ) ) | Case No. CIV-13-632-D |
| MARK KNUTSON, TRACY, McCOLLUM, JANET DOWLING, DAN DAVIS, CHANDA GRICE, and FELICIA HARRIS, | ) ) ) ) ) ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

**Plaintiff's Request for Temporary Restraining Order and Injunction**

**I.   Plaintiff's complaint.**

By his complaint, Plaintiff seeks relief from six individuals: four present or former prison officials at the James Crabtree Correctional Center (JCCC); one prison official at the Oklahoma State Reformatory (OSR); and one Oklahoma Department of Corrections (DOC) official who allegedly deals with the offender grievance process and misconduct reviews. Doc. 9. Plaintiff claims he was sexually harassed by one of the JCCC Defendants and, after beginning the grievance process, was fired from his job; received retaliatory misconducts; was locked in the Special Housing Unit (SHU); and was denied library materials. *Id.* at 2. Further, Plaintiff alleges that he then received a retaliatory transfer to OSR where his life was in danger and where the Defendant warden allowed

his staff to harass Plaintiff and to retaliate by denying library materials and needed mental health treatment. *Id.* Finally, Plaintiff maintains the DOC Defendant engaged in harassment and retaliation in connection with the misconducts and grievance process. *Id.*

## II. Plaintiff's request for restraining order and preliminary injunction.

In an unverified filing, Plaintiff – who is now housed at the Lexington Correctional Center – requests the court to stop the DOC from harassing him; from retaliating against him; from locking him in the SHU without cause; from losing his legal work; from failing to send his mail "to the Defendants"; and from engaging in "all mental and physical abuse for all offenders and staff." Doc. 15, at 1. In addition, and although it is not entirely clear, Plaintiff seems to contend that he has received an unwarranted misconduct at his current facility and has been taken off his "medications that work." *Id.* at 2.

## III. Analysis.

### A. Temporary restraining order.

Pursuant to Fed. R. Civ. P. 65(b)(1)(B), Plaintiff was required, but failed, to certify "in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required." Plaintiff's general claim that his legal mail is not being sent does not suffice to satisfy this requirement –

particularly in light of the fact that his current request reached the court. Accordingly, the undersigned recommends the denial of Plaintiff's request for a temporary restraining order.

### B. Preliminary injunction.

Multiple hurdles appear to stand between Plaintiff and the entry of any preliminary injunction in this case – the fact that he seeks intermediate relief beyond the claims in his complaint; the fact that he seeks an injunction against individuals from whom he seeks only monetary damages and who, in light of Plaintiff's transfer, lack the power to comply with an injunction; the fact that he must demonstrate irreparable harm – but the immediate obstacle is lack of notice.

Pursuant to Fed. R. Civ. P. 65(a)(1), the court is empowered to "issue a preliminary injunction only on notice to the adverse party." Service of the complaint was ordered only as of today, and no appearance has been entered on behalf of any Defendant. In making his request for injunctive relief, Plaintiff has failed to describe any efforts he has made to provide notice. This omission prevents the entry of a preliminary injunction.

## IV. Recommendation and notice of right to object.

For these reasons, the undersigned recommends that Plaintiff's request for a temporary restraining order and for injunctive relief , Doc. 15, be denied.

The undersigned further recommends that the motion for injunctive relief and a temporary restraining order, Doc. 1, filed by Plaintiff before this court acquired jurisdiction by virtue of Plaintiff's subsequently-filed complaint, Doc. 9, be deemed moot. *See* Docs. 8, 10. Plaintiff is advised of his right to object to this Report and Recommendation by September 5, 2013, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the Magistrate Judge in this matter.

ENTERED this 16th day of August, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE