# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| GLEN FOLSOM, | ) |
| :--- | :--- |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-13-632-D |
| MARK KNUTSON, et al., | ) ) ) |
| Defendants. | ) |

## **O R D E R**

Plaintiff Glen Folsom ("Folsom"), a state prisoner appearing *pro se*, brought this action under 42 U.S.C. § 1983, alleging various state prison officials and staff, at different facilities operated by the Oklahoma Department of Corrections, violated his constitutional rights by: (1) making unwanted sexual advances towards him; (2) retaliating against him for filing grievances, (3) denying him meaningful assistance in the law library, thereby preventing him from exhausting administrative remedies, (4) subjecting him to, and failing to protect him from, excessive force and unsafe conditions of confinement, and (5) denying him necessary medical treatment.

The matter was referred to Magistrate Judge Charles B. Goodwin for initial proceedings consistent with 28 U.S.C. § 636(b).[1] Defendants Mark Knutson, Janet

---

[1] The allegations and analyses have been thoroughly set out in Judge Goodwin's Report and Recommendation ("R&R") [Doc. No. 79] and will not be restated unless otherwise necessary.

Dowling, Felicia Harris, Tracy McCollum, Mike McDougal, Josh Lee and Jim Farris collectively moved to dismiss Folsom's Complaint, or alternatively sought summary judgment [Doc. No. 81] on the grounds that (1) the Complaint failed to state a claim upon which relief can be granted, (2) Defendants were entitled to qualified immunity, (3) Plaintiff failed to exhaust administrative remedies, and (4) his request for money damages was barred by sovereign immunity. Defendant Dan Davis filed a separate motion seeking the same relief [Doc. No. 132]. Plaintiff responded to both motions [Doc. Nos. 109, 133].

Judge Goodwin conducted a careful examination of Folsom's claims[2] and in a 56-page opinion, concluded that, with the exception of Folsom's individual capacity § 1983 claim against Defendant Chanda Grice,[3] all individual capacity claims should be dismissed for failure to state a claim upon which relief can be granted and, as to Defendants Knutson, Dowling, Davis, Harris, McCollum, McDougal, Lee, and Farris, as a result of qualified immunity. R&R at 55. Judge Goodwin further recommended that any official capacity claims for money damages brought by Folsom be dismissed

---

[2]The Magistrate Judge noted Folsom's Complaint included various conclusory allegations with no factual support and declined to address those claims. R&R at 30, 32, 43-44.

[3]At the time the R&R was issued, it appeared from the record that Defendant Grice had not been served. R&R at 3.

for lack of subject matter jurisdiction and the official capacity claims for money damages against Defendants Grice and Francis be dismissed for Eleventh Amendment sovereign immunity. R&R at 55. Lastly, he recommended that various discovery motions filed by Folsom be denied without prejudice to refiling, assuming the action proceeded against Defendant Grice. *Id.*

Judge Goodwin noted the Eleventh Amendment precludes a suit for money damages in federal court against a state, its agencies, officers, and other "arms of the state," and found this sovereign immunity consequently barred Folsom's claim and removed Defendants, in their official capacities, from the ambit of §1983 since they could not be considered "persons" for purposes of the statute. *Id.* at 8, n. 4. He further held that under controlling law, Folsom failed to allege sufficient facts to state an Eighth Amendment violation against Defendant Davis for the alleged sexual harassment. *Id.* at 16. As to Defendant Dowling, Judge Goodwin concluded Folsom failed to allege sufficient facts to show Dowling had knowledge of any ongoing harm caused by the alleged sexual harassment against him. *Id.* at 17. Next, he held the Complaint failed to state sufficient facts supporting Folsom's claim of retaliation. *Id.* at 19, 21, 23, 25, 29, 35.

As to Folsom's claim of denial of access to the law library/courts, Judge Goodwin held Folsom did not allege facts showing he was prevented from pursuing

3

any non-frivolous appeal. *Id*. at 24, 31, 43. Indeed, he noted Folsom was able to pursue appeals of his disciplinary convictions. *Id*. at 22. Regarding Folsom's complaints of denial of medical treatment, the Magistrate Judge concluded Folsom failed to state a plausible claim of such denial under either an objective or subjective component. *Id*. at 26-28, 32, 36. Lastly, Judge Goodwin found the Complaint included sparse statements that were insufficient to plausibly support Folsom's allegations of excessive force, abuse, and unsafe conditions of confinement. *Id*. at 34, 40-41. He, however, found the Complaint *did* appear to state a claim for First Amendment retaliation against Defendant Grice, as noted above, but determined she had not been adequately served. *Id*. at 21.

As a consequence of Folsom's failure to state a plausible constitutional violation, Judge Goodwin determined Defendants were entitled to qualified immunity. *Id*. at 46. The magistrate judge denied Defendants' request for dismissal based on failure to exhaust administrative remedies. *Id*. at 48. He also denied Folsom's repeated Motions to Amend his Complaint [Doc. Nos. 133, 139, 146, 157] on the basis of futility. *Id*. at 51-52. Folsom's Motion for Default Judgment against Defendant Francis was denied for insufficient service and failure to state a claim, *id*. at 54, and it was recommended that several discovery motions by Folsom [Doc. Nos. 156, 158, 161, 163, 164, 165, 177] be denied as moot, pending this Court's adoption of the

4

report. *Id*. at 54-55. The parties were advised of their right to object to the R&R by September 21, 2015, and Folsom timely filed his objection [Doc. No. 185].

In light of Folsom's objection, the Court must make a *de novo* determination of any portion of the R&R to which a specific objection is made, and may accept, reject, or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accepting as true all allegations contained in the complaint, and drawing all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008); *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court does not, however, accept as true conclusory allegations unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Liberally construing Folsom's objection,[4] he objects to the R&R in its entirety and, in essence, argues he has presented sufficient facts that state a constitutional

---

[4]The Court is required to construe Defendant's filings liberally. *Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court also "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

violation. The law governing Folsom's claims is clear. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Anderson v. Suiters*, 499 F.3d 1228, 1232-33 (10th Cir. 2007). Although Folsom's pleadings are to be construed liberally, "where a right or immunity created by the Constitution or laws of the United States is an essential element of the cause of action, it is incumbent upon the plaintiff to adequately and properly allege jurisdictional facts according to the nature of the case." *Dewell v. Lawson*, 489 F.2d 877, 879 (10th Cir.1974), *abrogated on other grounds in Melton v. City of Okla. City*, 879 F.2d 706, 724 n. 25 (10th Cir. 1989) (quoting *Pan Am. Petroleum Corp. v. Superior Court of Del. For New Castle Cty.*, 366 U.S. 656 (1961) (further citations omitted)).

After conducting a *de novo* review, and construing Folsom's *pro se* filings liberally, the Court finds Judge Goodwin's Report and Recommendation is well-supported by the facts, evidence submitted, and the prevailing legal authority. It is therefore ordered that the Report and Recommendation [Doc. No. 179] is hereby **AFFIRMED** and **ADOPTED**. The matter is hereby again referred to Magistrate Judge Goodwin for further proceedings consistent with the Report and

Recommendation.

IT IS SO ORDERED this 11th day of January, 2016.

*[signature]*
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE