# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN FOLSOM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-13-632-D |
| MARK KNUTSON et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Glen Folsom, an Oklahoma prisoner appearing pro se and proceeding *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b). The matter is before the Court on two motions (Doc. Nos. 176, 196) filed by Plaintiff. As outlined herein, the undersigned recommends that Plaintiff's motions be DENIED.

### Background

In December 2013, Plaintiff filed an Amended Complaint alleging violations of his rights under the First, Eighth, and Fourteenth Amendments of the U.S. Constitution. *See generally* Am. Compl. (Doc. No. 43) at 1-15. Plaintiff's allegations involved circumstances at three facilities, each of which is operated by the Oklahoma Department of Corrections ("ODOC"): James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma; Oklahoma State Reformatory ("OSR") in Granite, Oklahoma; and Lexington

Correctional Center ("LCC") in Lexington, Oklahoma.[1]  *Id.* at 1-2, 3-4.  Plaintiff brought claims against ten Defendants, each of whom is or was an ODOC employee.  *See id.* at 1-2, 3-4.  From ODOC's headquarters, Plaintiff named Mark Knutson, the ODOC Director's Designee.  *Id.* at 1.  From JCCC, Plaintiff named Janet Dowling, the Warden; Dan Davis, a former officer; Felicia Harris, a law library staff member; and Chanda Grice, a former medical staff member.  *Id.* at 3.  From OSR, Plaintiff named Tracy McCollum, the Warden.  *Id.* at 2.  Finally, from LCC, Plaintiff named Mike McDougal, a unit manager; Lieutenant Lee, an officer; Mr. Francis, Chief of Security; and Jim Farris, the Warden.  *Id.* at 3-4.  Plaintiff sought nominal, compensatory, and punitive damages against each Defendant in his or her official and individual capacities.  *See* Am. Compl. at 14; R. & R. (Doc. No. 179) at 3, 5-7.

Defendants Knutson, Dowling, Harris, McCollum, McDougal, Lee, and Farris collectively moved to dismiss the Amended Complaint on the grounds that Plaintiff failed to state any claim for which relief could be granted under 42 U.S.C. § 1983.  *See* Defs.' Disp. Mot. 1 (Doc. No. 81) at 22-41, 41-50, 50-52; R. & R. at 5 ("[T]he undersigned construes Movants' dispositive motions strictly as motions to dismiss and has declined to consider matters beyond the pleadings.").  Defendant Davis later moved to dismiss Plaintiff's claims against him for the same reasons.  *See* Def. Davis' Disp. Mot. 2 (Doc. No. 132) at 8-13; R. & R. at 4-5.

---

[1] Plaintiff filed the Amended Complaint while incarcerated at Davis Correctional Facility in Holdenville, Oklahoma.  He is currently incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma.

On January 11, 2016, in adopting the undersigned's prior report and recommendation, Judge DeGiusti ordered that: (1) all individual-capacity claims in the Amended Complaint, except for the retaliation claim against Ms. Grice, be dismissed because the facts alleged did not state any claim against a named Defendant for which relief could be granted under 42 U.S.C. § 1983; and (2) all official-capacity claims be dismissed because Plaintiff sought only damages and all Defendants sued in their officials capacities were immune from such relief. Order Adpt. R. & R. (Doc. No. 192) at 5-6 (citing Pl.'s Obj. to R. & R. (Doc. No. 185) at 3-35). Thus, Plaintiff's sole pending claim in this action is his claim of retaliation against Ms. Grice. Plaintiff's attempts to serve Ms. Grice are ongoing.

Analysis

A.  *Doc. No. 176: Motion for Preliminary Injunction*

In August 2015, Plaintiff filed an "Emergency Request for 'Ex Parte' Issuance of a Temporary Restraining Order and Request for a Preliminary Injunction Hearing" seeking to enjoin ODOC officials from transferring Plaintiff from Joseph Harp Correctional Center ("JHCC") in Lexington, Oklahoma, to a prison in Texas. *See* Pl.'s Mot. Prelim. Inj. (Doc. No. 176) at 2, 4-5. At the time, Plaintiff believed officials would transfer him to a Texas prison "sometime this coming week" as retribution for filing this lawsuit. *See id.* at 2, 5. Plaintiff alleged that being transferred to any Texas prison would cause him "irreparable harm"—"perhaps even death"—because "the Texas [c]orrections inmates usually kill Oklahoma inmates." *Id.* at 5.

Plaintiff's request is properly viewed as seeking a preliminary injunction under

3

Federal Rule of Civil Procedure 65(a) rather than a temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65(b). Rule 65(b) generally contemplates that a TRO would be issued only for a short term and "without written or oral notice to the adverse party or its attorney." *See* Fed. R. Civ. P. 65(b)(1). Because Defendants have responded in writing to Plaintiff's motion (*see* Doc. No. 183), the undersigned treats Plaintiff's requests for a TRO as superseded by his accompanying requests for a preliminary injunction. Pl.'s Mot. Prelim. Inj. at 2, 4-5; *see, e.g.*, *Farris v. Frazier*, No. CIV-12-1099-W, 2014 WL 3749142, at *15 (W.D. Okla. July 29, 2014), *aff'd*, 599 F. App'x 851 (10th Cir. 2015); *Kan. Hosp. Ass'n v. Whiteman*, 835 F. Supp. 1548, 1551 (D. Kan. 1993); *see also* 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2951, at 276-77 (3d ed. 2013).

A preliminary injunction is an "extraordinary remedy" meant to preserve the relative positions of the parties until a trial on the merits of the plaintiff's claims can be held. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The party seeking a preliminary injunction generally must show: (1) a substantial likelihood that he or she will prevail on the merits; (2) irreparable harm unless the injunction is issued; (3) the potential harm from the threatened injury to the moving party outweighs the harm from the preliminary injunction to the nonmoving party; and (4) the absence of an adverse impact on the public interest. *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir. 2001). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Id.* Although the Court will construe a pro se litigant's filings liberally, requests for relief

4

must be supported, at a minimum, by specific factual allegations, which require no special legal training to provide. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Fed. R. Civ. P. 7(b)(1)(B).

Plaintiff requests a preliminary injunction prohibiting ODOC officials from transferring Plaintiff from JHCC to a Texas correctional facility because, according to Plaintiff, any transfer would be intended to punish him for exercising his constitutional right to access the courts and "Texas [c]orrections inmates usually kill Oklahoma inmates." Pl.'s Mot. Prelim. Inj. at 1-2, 4-5. Plaintiff alleges that on August 21, 2015, an unnamed "ODOC official anon[y]mously . . . stated that the Unit Managers had a meeting yesterday . . . [during] which they specifically discuss[ed] the Plaintiff and another individual [who] has initiated a class action are being transferred out of state." *Id.* at 2. Plaintiff also alleges that another unnamed prison employee told him, "I hate to see inmates done bad" and "I'd hate to see you go to Texas." *Id.* at 1-2.

As an initial matter, Plaintiff's claims against all Defendants other than Ms. Grice, who no longer works for ODOC, have been dismissed. Because no relevant ODOC official is currently a party to this lawsuit, Plaintiff cannot obtain the injunctive relief he seeks against any such official. *See Levie v. Ward*, No. CIV-05-1419-HE, 2007 WL 2840388, at *2, *23 (W.D. Okla. Sept. 27, 2007).

Moreover, Plaintiff has not shown a "clear and unequivocal" right to the extraordinary relief of a preliminary injunction. First, Plaintiff's request for a preliminary injunction bears no relation to the conduct asserted in this action's sole surviving claim. Plaintiff's sole remaining claim seeks damages against Ms. Grice, the former JCCC

5

medical employee, for filing an allegedly false misconduct report against Plaintiff while he was incarcerated at JCCC.  Plaintiff's motion for a preliminary injunction, on the other hand, seeks to prevent ODOC officials from transferring Plaintiff from JHCC to a Texas prison.  *Compare* Am. Compl. at 6, *with* Pl.'s Mot. Prelim. Inj. at 1-2, 5.  A preliminary injunction grants intermediate relief of the same character as that which may be finally granted.  *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945); *see also Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) ("[T]he movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." (internal quotation marks omitted)).  The Court cannot properly issue a preliminary injunction when, as here, the movant seeks intermediate relief beyond the claims of the complaint.  *See Farris*, 2014 WL 3749142, at *15-16; *Stouffer v. Eulberg*, No. CIV-09-320-C, 2010 WL 567998, at *1, *2 & n.3 (W.D. Okla. Feb. 11, 2010) (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.")); *cf. Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (affirming district court's denial of motion for preliminary injunction seeking to "prevent [the plaintiff's] transfer out of the prison's protective custody unit, which apparently was slated for closure, but his complaint alleged that defendants failed to protect him from his cellmate").

Second, Plaintiff provides no evidence beyond his own speculative and conclusory allegations that there is a "significant risk" he will be transferred to punish him for filing this lawsuit, or that Plaintiff will actually suffer "irreparable harm" if transferred to a

6

Texas prison. Pl.'s Mot. Prelim. Inj. at 5 ("[T]he only inference that can be drawn is that prison officials are yet to retaliate because of this suit they do not believe they will win. And the Texas [c]orrections inmates usually kill Oklahoma inmates."). Indeed, events as they have developed since the filing of Plaintiff's motion indicate that there is no such significant risk. As of August 21, 2015, Plaintiff believed that he would be transferred from JHCC within the week. *Id.* at 2. The docket in this case reflects that, as of today's date, Plaintiff is still incarcerated at JHCC. Plaintiff's as-yet unfounded prediction is not sufficient to establish a likelihood of irreparable harm. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) ("Purely speculative harm will not suffice, but rather, a plaintiff who can show significant risk of irreparable harm has demonstrated that the harm is not speculative and will be held to have satisfied his burden." (alteration and internal quotation marks omitted)); *cf. Levie*, 2007 WL 2840388, at *2, *23 (denying injunctive relief where plaintiff "offer[ed] nothing but mere speculation regarding his potential transfer" to another prison).

Finally, Plaintiff has failed to show that the injunctive relief he seeks—i.e., a court order allowing him to stay at JHCC indefinitely—"is not adverse to the public interest." *Kikumura*, 242 F.3d at 955. A federal court considering a motion for injunctive relief affecting the conditions of a prisoner's confinement must give substantial weight to the adverse impact on public safety and on prison operation. 18 U.S.C. § 3626(a)(2); *Stephens v. Jones*, 494 F. App'x 906, 911-12 (10th Cir. 2012). The Supreme Court has declared that courts are not to substitute their judgment on matters of institutional administration for the determinations made by prison officials. *See O'Lone v. Estate of*

*Shabazz*, 482 U.S. 342, 353 (1987). Accordingly, courts hesitate to interfere with prison officials' decisions concerning the day-to-day administration of prisons, to which deference must be accorded unless they violate the Constitution or federal law. *See Turner v. Safley*, 482 U.S. 78, 84-86 (1987). Plaintiff's desired relief would interfere with prison administration, such that the "public interest" factor weighs against the issuance of the extraordinary remedy of injunctive relief. *See Kikumura*, 242 F.3d at 955; *Levie*, 2007 WL 2840388, at *2, *23 ("Forbidding prison officials from transferring Plaintiff based on the speculative and conclusory allegations offered by Plaintiff would unduly interfere with prison management and would be contrary to the public interest.").

For all of these reasons, Plaintiff's request for preliminary injunctive relief should be denied.

B.   *Doc. No. 196: Motion for Relief Under Rule 60(b)*

Shortly after entry of the January 11, 2016 Order dismissing many of Plaintiff's claims, Plaintiff filed an untitled "motion asking for . . . [an] order to survive a motion to dismiss for failure to state a § 1983 claim." *See* Pl.'s Mot. (Doc. No. 196) at 1. In this motion, Plaintiff primarily objects to the Court's conclusion that, with one possible exception, the facts alleged in the Amended Complaint did not state any claim upon which relief could be granted under 42 U.S.C. § 1983. *See id.* at 5 ("Let[']s look at this s[i]r you[] say I did not state a claim on every thing[.] . . . . Please read [the] Complaint."). Plaintiff notes that he is appearing pro se and "[c]ould not get legal help" drafting his claims, and he requests "a chance to f[i]x" his § 1983 claims because he "do[es]n't want to drop any part o[f] this complaint." *Id.* at 6, para. 1. Plaintiff also

8

seeks to amend or supplement the Amended Complaint by adding new claims and joining new, unidentified defendants. *See id.* at 6, paras. 1-2.

The Federal Rules of Civil Procedure generally require any request for a court order to be made by a written motion that "state[s] with particularity the grounds for seeking the order," as well as the specific relief sought. *See* Fed. R. Civ. P. 7(b)(1). Plaintiff's untitled motion complies with these requirements only insofar as he requests "a chance to f[i]x" those § 1983 claims that the Court has already determined fail to state a plausible claim for relief. *See* Pl.'s Mot. at 1, 5-6. Liberally construed, Plaintiff seeks relief from the Court's January 11, 2016 Order in two respects: (i) the Order's denial of leave for Plaintiff to amend his pleading; and (ii) the Order's dismissal of the majority of Plaintiff's civil rights claims. *See generally* R. & R.; Order Adpt. R. & R.; Pl.'s Mot. at 1-6.

This type of request for reconsideration is properly analyzed under Federal Rule of Civil Procedure 60(b), which allows a court, "[o]n motion and just terms," to relieve a party from an order for three specified reasons, as well as for "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1)-(3), (6); *United States v. Terrell*, 6 F. App'x 763, 764 (10th Cir. 2001) (noting that Federal Rules do not provide for motion for reconsideration). Relief under Rule 60(b)(6), which Plaintiff relies upon here, is "difficult to attain," *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007), and is appropriate only when "circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief," *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (internal quotation marks

9

omitted). The Tenth Circuit will reverse a district court's denial of a Rule 60(b)(6) motion only if it "find[s] a complete absence of a reasonable basis and [is] certain that the decision is wrong." *Davis*, 507 F.3d at 1248 ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." (internal quotation marks omitted)).

As to the denial of leave to amend, in the September 2015 Report and Recommendation the undersigned considered multiple requests by Plaintiff to amend or supplement his Amended Complaint. *See* R. & R. at 48-53 (discussing Plaintiff's filings at Doc. Nos. 133, 139, 146, and 157). The undersigned recommended that those requests be denied because the facts alleged in Plaintiff's various filings, even if accepted as true and read in conjunction with the Amended Complaint, still did not state any claim against a named Defendant for which relief could be granted under 42 U.S.C. § 1983. That recommendation was adopted in the January 11, 2016 Order. *See* Order Adpt. R. & R. at 5-6 (adopting R. & R. in its entirety). Plaintiff's latest filing adds no new facts that would establish such a claim or would warrant a different result than previously ordered. *See* Pl.'s Mot. at 1-6. Plaintiff's request for relief from the January 11, 2016 Order on this basis should be denied. *See Davis*, 507 F.3d at 1248; *cf.* Fed. R. Civ. P. 15(a)(2) (prescribing that the court should grant leave to amend "when justice so requires"); *Schepp v. Fremont Cnty.*, 900 F.2d 1448, 1451 (10th Cir. 1990) ("The district court was clearly justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim." (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

As to the dismissal of his claims, Plaintiff seeks relief from the January 11, 2016 Order on the ground that Plaintiff is appearing pro se and "[c]ould not get legal help" drafting his Amended Complaint. *See* Pl.'s Mot. at 5-6. Plaintiff's pro se status and unfamiliarity with the law are not the kind of "unusual or compelling" circumstances warranting "extraordinary" relief under Rule 60(b)(6). Indeed, acceptance of this view would largely excuse pro se parties from following ordinary pleading rules. *Cf. Hurd v. Dinwiddie*, No. CIV-09-227-W, 2009 WL 2136616, at *5 (W.D. Okla. July 16, 2009) ("[A] rule that layman status in and of itself constitutes good cause for failure to exhaust would render the exhaustion requirement practically meaningless.").

Accommodation has already been made for Plaintiff's pro se status. As a pro se litigant, Plaintiff's pleadings were "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall*, 935 F.2d at 1110. *See, e.g.*, R. & R. at 9-10; Order Adpt. R. & R. at 5-6. "[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. This accommodation, however, can only go so far. Ultimately, every plaintiff must come forward with facts that would plausibly support each claim he or she asserts. As explained in the prior Report and Recommendation, Plaintiff "'require[d] no special legal training to recount the facts surrounding his alleged injury,'" and the Court cannot "'supply additional factual allegations to round out [Plaintiff's] complaint'" or construct a legal theory on his behalf.

*See* R. & R. at 9 (quoting *Hall*, 935 F.2d 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). Plaintiff's request for relief on the basis of his pro se status should be denied.

Otherwise, Plaintiff in his motion essentially restates his objections to the September 2015 Report and Recommendation. *Compare* Pl.'s Obj. to R. & R. (Doc. No. 185) at 3-35, *with* Pl.'s Mot. at 1-6. Because those objections were already considered and rejected, the remainder of Plaintiff's Motion, considered under Rule 60(b), should be denied. *Cf. Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991) (holding that the district court did not abuse its discretion in denying a Rule 60(b)(6) motion that essentially revisited issues already addressed and rejected on summary judgment).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's Motions (Doc. Nos. 176, 196) be DENIED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by March 17, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned magistrate judge in the present case.

ENTERED this 26th day of February, 2016.

*/s/ Charles B. Goodwin*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE