# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLEN FOLSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-632-D |
| | ) | |
| MARK KNUTSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

Plaintiff Glen Folsom ("Folsom"), a state prisoner appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging various state prison officials and staff violated his constitutional rights. The matter was referred to Magistrate Judge Charles B. Goodwin for initial proceedings consistent with 28 U.S.C. § 636(b). The Court previously adopted a Report and Recommendation from Judge Goodwin where he concluded that, with the exception of Plaintiff's individual capacity § 1983 claim against Defendant Chanda Grice, all individual and official capacity claims against the remaining defendants should be dismissed and various discovery motions filed by Plaintiff be denied without prejudice [Doc. No. 192]. The matter was referred back to Judge Goodwin for further proceedings consistent with the Report and Recommendation.

On February 26, 2016, Judge Goodwin issued another Report and

Recommendation [Doc. No. 200] in which he recommended the Court deny Plaintiff's Emergency Request for "Ex Parte" Issuance of a Temporary Restraining Order and Request for a Preliminary Injunction Hearing [Doc. No. 176] and "Motion for Order" [Doc. No. 196]. In sum, Judge Goodwin, liberally construing Plaintiff's submissions, found Plaintiff failed to meet the requisite elements for issuance of a preliminary injunction and failed to show entitlement to any relief under Rule 60(b). *See* Report and Recommendation at 8, 12.

In his Report and Recommendation, the Magistrate Judge advised the parties of the right to file objections to the same and directed the parties to file any objections no later than **March 17, 2016**. The Magistrate Judge further admonished the parties that failure to timely object would constitute a waiver of the right to appellate review of the factual and legal issues addressed in the Report and Recommendation. The deadline for filing objections has expired and to date, neither party has filed objections or sought an extension of time in which to do so.[1] Accordingly, the Report and

---

[1]The Court notes Plaintiff filed a "Motion Asking for More Time" [Doc. No. 205], which was denied by Judge Goodwin in that Plaintiff did not specify any specific deadline he sought to be extended, as required under LCvR 7.1(h). Although a court is required to construe *pro se* filings liberally, *Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014), it must not assume the role of advocate, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and is under no obligation to construct legal arguments on a *pro se* litigant's behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Recommendation [Doc. No. 200] is **ADOPTED** as though fully set forth herein.

The matter is hereby again referred to Magistrate Judge Goodwin for further proceedings consistent with the Report and Recommendation.

**IT IS SO ORDERED** this 24th day of March, 2016.

*[signature]*
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE