# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| GLEN FOLSOM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-13-632-D |
| MARK KNUTSON, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a state prisoner appearing pro se and proceeding in forma pauperis, brought this action under 42 U.S.C. § 1983 alleging, among other things, that a prison employee (Chanda Grice) retaliated against him in violation of his First Amendment rights under the United States Constitution. The matter was referred to Magistrate Judge Charles Goodwin for initial proceedings under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72.[1]

---

[1] The Court previously adopted a Report and Recommendation from Judge Goodwin where he concluded that, with the exception of Plaintiff's individual capacity claim against Grice, all individual and official capacity claims against the remaining defendants should be dismissed and various discovery motions filed by Plaintiff be denied without prejudice [Doc. No. 192]. The Court also adopted a second Report and Recommendation from Judge Goodwin which recommended denial of Plaintiff's Emergency Request for "Ex Parte" Issuance of a Temporary Restraining Order and Request for a Preliminary Injunction Hearing and "Motion for Order" [Doc. No. 213]. Accordingly, Plaintiff's retaliation claim against Grice in her individual capacity is the sole claim remaining in this lawsuit. *See* R&R at 3.

On July 20, 2016, Judge Goodwin issued a Report and Recommendation wherein he recommended that Plaintiff's Motion for Default Judgment, Motion to Strike, and Emergency Motion to Court, which he construed as a motion for preliminary injunction, be denied and Plaintiff's remaining retaliation claim be dismissed without prejudice for failure to effectuate service of process. R&R at 16-17. In his report, the Magistrate Judge advised the parties of the right to file objections to the same and directed the parties to file any objections no later than August 10, 2016. *Id*. at 17. The Magistrate Judge further admonished the parties that failure to timely object would constitute a waiver of the right to appellate review of the factual and legal issues addressed in the Report and Recommendation. *Id*.

On July 29, 2016, Plaintiff filed a "Notice of Right to Object to the Report and Recommendation." [Doc. No. 222]. In his filing, recited in full below, Plaintiff stated:

> I'm Glen Folsom – 172239 an inmate in the Department of Corrections, I'm pro se and in lockup with very little legal help. I want to object to the recommendation, as 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72 say, thank you.[2]

The Court finds Plaintiff's statement of his intention to object is insufficient to constitute an objection. Pursuant to Rule 72, the Court is required to make a de

---

[2] The Court has made minor grammatical and punctuation corrections to Plaintiff's letter to improve readability.

novo determination of those portions of the R&R to which *proper* objection has been made. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *see also* 28 U.S.C. § 636(b)(1)(C). An objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Property Known as 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A general objection or one that merely refers the Court back to the pleadings and submissions already on file will not suffice. *Id.*

Plaintiff has previously been made aware of the consequences of failing to timely object to a magistrate's report and recommendation, and has indeed timely objected in the past. *See, e.g.*, Plaintiff's Objection to Report and Recommendation, filed September 18, 2015 [Doc. Nos. 185]. Plaintiff also had ample time to request an extension of time, which he has also done on numerous occasions as to other motions. Here, Plaintiff claims no hardship or inability that impacted his ability to timely file an objection. In light of these facts, as well as the applicable precedent, the Court finds Plaintiff has failed to timely object to the R&R. Although a court is required to construe pro se filings liberally, *Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014), it must not assume the role of advocate, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009),

and is under no obligation to construct legal arguments on a pro se litigant's behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). With Plaintiff having failed to either timely object or request an extension of time, the Court finds the Report and Recommendation should be **ADOPTED** as though fully set forth herein. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this **21st** day of September, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE